# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENO WOODIS,<br><br>                          Petitioner,<br>v.<br><br>JOHN D. MORALES, et al.,<br><br>                          Respondents. | Case No.: 16CV686 BEN (JLB)<br><br>**ORDER:**<br><br>**(1) DISMISSING CASE WITHOUT PREJUDICE;**<br><br>**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 together with a motion to proceed in forma pauperis. Petitioner lists his court of conviction as Fresno Superior Court, which is within the jurisdictional boundaries of the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b). He is currently incarcerated at Valley State Prison, located in Chowchilla, CA, Madera County, which is also within the jurisdiction of the United States District Court for the Eastern District of California. *Id.*

**FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims

1  Petitioner presents.  Petitioner lists various problems he claims he is facing while he is
2  incarcerated which focus on the failure of prison staff to protect him from other inmates.
3  (*See* Pet. at 6-9, ECF No. 1.)  Petitioner's claims are not cognizable on habeas because
4  they do not challenge the constitutional validity or duration of confinement.  *See* 28
5  U.S.C. 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512
6  U.S. 477, 480-85 (1994).  "Section 2254 applies only to collateral attacks on state court
7  judgments."  *McGuire v. Blubaum*, 376 F. Supp. 284, 285 (D. Ariz. 1974).

8   Challenges to the fact or duration of confinement are brought by petition for a writ
9  of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement
10 are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983.  *See Preiser*, 411 U.S. at
11 488-500.  When a state prisoner is challenging the very fact or duration of his physical
12 imprisonment, and the relief he seeks is a determination that he is entitled to immediate
13 release or a speedier release from that imprisonment, his sole federal remedy is a writ of
14 habeas corpus.  *Id.* at 500.  On the other hand, a § 1983 action is a proper remedy for a
15 state prisoner who is making a constitutional challenge to the conditions of his prison life,
16 but not to the fact or length of his custody.  *Id.* at 499; *McIntosh v. United States Parole*
17 *Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).

18  It appears that Petitioner challenges the conditions of his prison life, but not the
19 fact or length of his custody.  In no way does Petitioner claim his state court conviction
20 violates the Constitution or laws or treaties of the United States.  Rule 4 of the Rules
21 Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f
22 it plainly appears from the face of the petition and any exhibits annexed to it that the
23 petitioner is not entitled to relief in the district court."  Rule 4, 28 U.S.C. foll. § 2254.
24 Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas
25 relief because he has not alleged that the state court violated his federal rights.

26  If Petitioner seeks to challenge the conditions of his confinement, he must file a
27 civil rights complaint pursuant to § 1983.  Petitioner is advised that if he seeks redress for
28 events which occurred while he was incarcerated at Valley State Prison, in Chowchilla,

California, located in Madera County, where he is currently incarcerated, the United States District Court for the Eastern District of California is the proper court for purposes of venue, not the United States Court for the Southern District of California.

## MOTION TO PROCEED IN FORMA PAUPERIS

The Court is dismissing this case without prejudice and without leave to amend, Accordingly, Petitioner's motion to proceed in forma pauperis is **DENIED** as moot.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this case without prejudice and **DENIES** Petitioner's motion to proceed in forma pauperis as moot.

**IT IS SO ORDERED.**

Dated: March 30, 2016

_____
Hon. Roger T. Benitez
United States District Judge